UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION


Mario Trollinger,                                    Case No. 3:16-cv-02092

      Plaintiff

v.                                                   MEMORANDUM OPINION
                                                     AND ORDER

Gary Mohr, et al.,

      Defendants


**BACKGROUND AND HISTORY**

P*ro se* Plaintiff Marion Trollinger filed this civil action against Ohio Department of Rehabilitation and Correction ("ODRC") Director Gary Mohr, ODRC "S.T.G. Chairman" D.J. Norris, and Lebanon Correctional Institution Warden Schweitzer. In the Complaint, Plaintiff alleges he was improperly labeled as a gang member. As a result, his security classification was increased and he was transferred to another institution. He denies gang affiliation. He contends he had numerous disagreements with Lieutenant Couch and believes Couch retaliated against him by classifying him as a gang member to get him moved to another institution. Plaintiff alleges that being affiliated with a gang in prison can place him in danger from inmates in rival gangs. He asserts causes of action for retaliation, defamation of character and intentional infliction of emotional distress. Plaintiff asks me to order the ODRC to lower his security classification, and award him monetary damages.

## STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), I am required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the Complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007).

A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Ashcroft v. Iqbal*, 556 U.S. 662, 677-78 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Bell Atl. Corp.*, 550 U.S. at 555. The Plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-Defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id.* In reviewing a Complaint, I must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

## ANALYSIS

Plaintiff's only federal cause of action is his claim for retaliation. He contends Couch retaliated against him for filing grievances by labeling him as a gang member and getting him transferred to another institution. Couch, however, is not a Defendant in this action.

2

Plaintiff asserts this claim instead against the ODRC Director, the ODRC S.T.G. Chairman, and the Lebanon Correctional Institution Warden. An individual supervisor or employer, however, cannot be held liable for the acts of an employee under a theory of *respondeat superior* in a civil rights action. *See Monell v. Dept. of Social Services*, 436 U.S. 658, 690-91 (1978); *Hays v. Jefferson County, Ky.*, 668 F.2d 869 (6th Cir. 1982); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). The supervisor or employer can only be held liable for his her own actions. Therefore, Plaintiff must allege facts suggesting either that the employee who committed the acts in question followed the Defendants' official policies or customs, or that the Defendants encouraged the specific misconduct or in some way directly participated in it. Plaintiff does not point to a specific policy or custom of the Defendants to retaliate against inmates for filing grievances, nor does he suggest the ODRC Director, the ODRC S.T.G. Chairman, and the Lebanon Correctional Institution Warden encouraged or engaged in retaliation. As written, his Complaint fails to state a claim for retaliation.

Plaintiff's remaining claims are state law tort claims. Supplemental jurisdiction exists whenever state law and federal law claims derive from the same nucleus of operative facts and when considerations of judicial economy dictate having a single trial. *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 724 (1966). I, however, may exercise discretion in hearing state law matters. *Id.* at 726. In cases where the federal law claims are dismissed before trial, the state law claims should also be dismissed. *Id.* Having dismissed Plaintiff's federal law claims, I decline jurisdiction to hear Plaintiff's state law claims.

## Conclusion

Having considered and examined the *pro se* Plaintiff's pleadings to determine their legal viability, I conclude that, as written, Plaintiff's Complaint fails to state a viable claim for relief under federal law.

Therefore, this action is dismissed pursuant to 28 U.S.C. § 1915(e), without prejudice to refiling his retaliation claims against the proper party or parties. I certify pursuant to . 28 U.S.C. § 1915(a)(3) that an appeal cannot be taken in good faith. This case is closed.

So Ordered.

s/ Jeffrey J. Helmick
United States District Judge